# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

05 JUN 13 PM 2: 08

Robert R. Di Trolio
CLERK, U.S. DIST. CT.
W. D. OF TN. MEMPHIS

U. S. A. vs. KEVIN WILHITE                    Docket No.____ 2:92CR20106-01 ____

## Petition on Probation and Supervised Release

**COMES NOW** Willie S. Williams, Jr. , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Kevin Wilhite , who was placed on supervision by the Honorable Odell Horton sitting in the Court at Memphis, Tennessee , on the 26th day of July, 19 93 who fixed the period of supervision at five (5) years* , and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

\*    **Effective date of Supervision: December 10, 2001.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### (SEE ATTACHED)

**PRAYING THAT THE COURT WILL ORDER** that a **WARRANT** be issued for Kevin Wilhite to appear before the United States District Court to answer charges of Supervised Release violations.

**BOND:**_____

### ORDER OF COURT

Considered and ordered this 10th day of June , 2005 , and ordered filed and made a part of the records in the above case.

_____
United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2005 ____

_____
Senior United States Probation Officer

Place: Memphis, TN ____

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

According to investigative reports, on February 14, 2004, Mr. Wilhite pulled into an area where the Memphis Police Department's Organized Crime Unit was conducting an undercover drug operation. Mr. Wilhite was stopped and detained for not wearing a seat belt. While exiting the vehicle, he was observed stuffing something into his pants. Upon being searched, officers recovered 126.2 grams of Cocaine Base from Mr. Wilhite's crouch area. After being taken into custody, Mr. Wilhite provided a signed statement admitting to possession of the drugs. He was subsequently released pending the outcome of the investigation. On February 4, 2005, Kevin Wilhite was arrested by Memphis Police Officers on a warrant charging Possession of a Controlled Substance With Intent to Manufacture/Deliver/Sell. On May 5, 2005, Mr. Wilhite appeared in General Sessions Court, Division 8, where he waived his Preliminary Hearing, and was Held to State on the above charge. He is released on a $100,000.00 bond.

**The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.**

Mr. Wilhite violated the above condition in that on February 14, 2004, while in the custody of officers of the Memphis Police Department's Organized Crime Unit, he provided a signed written statement admitting to having knowledge of several firearms that were found by officers during a search of his residence. Mr. Wilhite further admitted to owning one firearm, which he kept in his bedroom closet.

**The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.**

Mr. Wilhite violated this condition by failing to report the February 14, 2004, arrest to the Probation Officer within the required seventy-two (72) hours.

**VIOLATION WORKSHEET**

1.  **Defendant**   Kelvin Wilhite   (Address: 157Shofner, Memphis, TN 38109)

2.  **Docket Number (Year-Sequence-Defendant No.)**   2:92CR20106-01

3.  **District/Office**   Western District of Tennessee (Memphis)

4.  **Original Sentence Date**   07  / 26 / 1993
      month      day      year

*(If different than above):*

5.  **Original District/Office**   _____

6.  **Original Docket Number (Year-Sequence-Defendant No.)**   _____

7.  **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| • New criminal conduct of: Possession of Controlled Substance With Intent to Manufacture/Deliver/Sell. | A |
| • Possession of a firearm. | A |
| • Failure to notify the Probation Officer of contact with police within required seventy-two (72) hours. | C |
| • | |
| • | |
| • | |

8.  **Most Serious Grade of Violation (see §7B1.1(b))**   A

9.  **Criminal History Category (see §7B1.4(a))74**   VI

10. **Range of imprisonment (see §7B1.4(a))**   | 51 - 63 | months |
    Restricted Guideline
    18 USC §3583(e) authorizes a maximum sentence of 60 months

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

    { }   (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    { }   (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    {X}   (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant** _____Kelvin Wilhite_____

**12.** **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____    Community Confinement _____N/A_____

Fine ($) _____N/A_____    Home Detention _____N/A_____

Other _____N/A_____    Intermittent Confinement _____N/A_____

**13.** **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: ____N/A____ to ____N/A____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

**14.** **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**15.** **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 67 in case 2:92-CR-20106 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT